IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS M. MORALES-NIEVES [49],<br><br>Defendant. | CRIMINAL NO.  09-421 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Jesús M. Morales-Nieves was charged in Counts Twenty-Eight (28) and One Hundred and Ten (110) of an Indictment and he agreed to plead guilty to Count Twenty-Eight of the Indictment.  Count Twenty-Eight charges that, the defendant did knowingly and willfully conspire, combine, confederate and agree with each other and others known and unknown to the grand jury, to commit mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1349, that is, having devised and intending to devise a scheme and artifice to defraud AFLAC by submitting: a prescription certifying the injury claim forms for non-existent injuries and to obtain money by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did cause to be delivered by mail any such matter or thing; the object of the conspiracy and manners and means more fully described below: from January 2005 to November 2007 - Jesús M. Morales-Nieves and Eneida Viera-Viera - policy no. A9639228 made a total of 89 false claims and received a total of $12,605.00.

On July 16, 2010, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Twenty-Eight of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

Having further advised defendant of the charges contained in above-stated Count Twenty-Eight, he was examined and verified as being correct that: he had consulted with his counsel, Héctor A. Deliz, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated he is receiving psychiatric treatment for his nerves but he has not taken any medications within the last 24 hours.  Defense counsel indicated his client is competent to understand the proceedings.

United States of America v. Jesús M. Morales-Nieves [49]
Criminal No. 09-421 (JAG)
Report and Recommendation
Page 3

reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Deliz, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count Twenty-Eight is term of imprisonment of not more than twenty (20) years, and a fine not to exceed Two Hundred and Fifty Thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years in addition to any term of incarceration.

United States of America v. Jesús M. Morales-Nieves [49]
Criminal No. 09-421 (JAG)
Report and Recommendation
Page 4

    At the time of sentencing the defendant will pay a special assessment of one hundred dollars ($100.00) per count, to be deposited in the Crime Victim Fund, as required by Title 18, United States Code, Section 3013(a).

    Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

    Pursuant to said Agreement, and insofar as Count Twenty-Eight, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

    The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count Twenty-Eight of the Indictment, pursuant to U.S.S.G. § 2B1.1(a)(1), the Base Offense Level is of Seven (7). Pursuant to U.S.S.G. § 2B1.1(b)(1)(B), an increase of two (2) levels is agreed for Specific Offense Characteristic, the loss is more than $10,000, but for purposes of this plea

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

the loss used will be less than $10,000. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Seven (7), yielding an imprisonment range of zero (0) to six (6) months.

If at the time of sentencing hearing the defendant possesses a Criminal History Category of One, the United States will recommend a sentence of two years of straight probation.

Defendant understands that there is no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph nine (9), the United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is reasonable sentence.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

At sentencing, the United States agrees to request the dismissal of the remaining counts pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously

discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within ten (10) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with

his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Twenty-Eight was what he had done and to which he was pleading guilty during these proceedings. Defendant was shown a written document entitled "Government's Version of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Twenty-Eight was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Twenty-Eight of the Indictment in Criminal No. 09–421 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Twenty-Eight of the Indictment in Criminal No. 09-421 (JAG).

United States of America v. Jesús M. Morales-Nieves [49]
Criminal No. 09-421 (JAG)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 16th day of July of 2010.

>   s/ CAMILLE L. VELEZ-RIVE
>   CAMILLE L. VELEZ-RIVE
>   UNITED STATES MAGISTRATE JUDGE